IN THE UNITED STATES DISTRICT COURT
Northern District of Indiana
Fort Wayne Division

| | |
|---|---|
| AR RAZZAAQ RASHID BEY,                  ) | |
|                                         ) | |
|     Plaintiff,      ) | |
|                                         ) | Case No. 1:20-cv-365-HAB-SLC |
|   v.                          ) | |
|                                         ) | |
| TYLER O. MOORE, *et al.*,               ) | |
|                                         ) | |
|     Defendants.     ) | |

## HOWARD COUNTY DEFENDANTS' BRIEF IN SUPPORT OF *MOTION TO DISMISS FOR IMPROPER VENUE*

Defendants, Jordan Buckley, Justin Markley, Alan Weimer, Keith Meyers, Ezekiel Zimmerman, Robin Byers, Justin Christmas, Kelsey Kirkpatrick, and Ben Penrod ("Howard County Defendants"), by counsel, pursuant to Fed. R. Civ. P. 12(b)(3) and N.D. Ind. L.R. 7-1, file their brief in support of the *Motion to Dismiss for Improper Venue*, filed contemporaneously herewith. Because all parties reside in Howard County and the events giving rise to the claims at issue occurred in Howard County, the *Motion to Dismiss for Improper Venue* must be granted.

Plaintiff has filed a *Civil Complaint* [Doc.3] against the Howard County Defendants alleging a broad assortment of claims, including violations of his federal civil rights. Plaintiff is a resident of Howard County, Indiana. (*Civil Complaint* [Doc. 3], p. 1, ¶2). All named Defendants are alleged citizens of Howard County, Indiana. (*Civil Complaint* [Doc. 3], pp. 1-4). The incident(s) alleged by

1

Plaintiff in this cause occurred in Kokomo, Howard County, Indiana. (*Civil Complaint* [Doc. 3], see, p. 6, ¶¶8, 10, 14 & 16).

Pursuant to 28 U.S.C. § 94, the preferred venue of this cause is in the United States District Court, Southern District of Indiana, Indianapolis Division, because Plaintiff resides in Howard County, all Defendants are alleged citizens of Howard County, and the incident(s) are alleged to have occurred in Howard County. See, 28 U.S.C. § 94(b)(1)(the Southern District comprises four divisions and the Indianapolis Division includes Howard County).

Because the incident(s) occurred in Howard County and all of the parties and witnesses will be Howard County, it would be in the interest of justice and serve judicial economy that this cause be in United States District Court, Southern District of Indiana, Indianapolis Division. 28 U.S.C. § 1404(a) provides, in relevant part, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer a civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Transfer of venue is appropriate under § 1404(a) when the moving party establishes that (1) venue is proper in the transferor district; (2) venue and jurisdiction are proper in the transferee district; and (3) the transfer will serve the convenience of the parties, the convenience of the witnesses, and the interest of justice.

Federal Rule of Civil Procedure 12(b)(3) allows a defendant to move for dismissal on the basis of improper venue. *See Auto. Mechs. Local 701 Welfare & Pension Funds v. Vanguard Car Rental USA, Inc.,* 502 F.3d 740, 746 (7th Cir. 2007). "When considering a motion to dismiss under Rule 12(b)(3), the plaintiff bears the

burden of establishing proper venue." *Wounded Warrior Project, Inc. v. Help Ind. Vets, Inc.,* 2014 U.S. Dist. LEXIS 31771, at *4 (S.D. Ind. Mar. 12, 2014). The plaintiff must show that venue is proper as to all defendants and all claims.

Pursuant to the general venue statute, A civil action may be brought in: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. 28 U.S.C. § 1391(b). Plaintiff's *Civil Complaint* [Doc.3] shows the United States District Court, Southern District of Indiana, Indianapolis Division is the proper venue for this cause because of where the parties reside (Howard County) and where the events occurred giving rise to the claims at issue (also Howard County).

WHEREFORE, the Howard County Defendants respectfully pray the Court grant its *Motion to Dismiss for Improper Venue* and order this cause to be transferred to the United States District Court, Southern District of Indiana, Indianapolis Division, with costs to be paid by Plaintiff. The Howard County Defendants further request entry of all other just and proper relief in the premises.

Respectfully submitted,

**TRAVELERS STAFF COUNSEL INDIANA**

By: /s/ *Daniel M. Witte*
Daniel M. Witte, 18957-49

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed electronically using the Case Management/Electronic Case Files ("CM/ECF") system and served via the CM/ECF system upon registered counsel of record on **November 20, 2020**.

I further certify that the foregoing document was served upon the following persons via first class U.S. mail, postage pre-paid, on **November 20, 2020**:

Ar Razzaaq Rashid Bey
1524 North Purdum Street
Kokomo, IN 46901

By: /s/ *Daniel M. Witte*
Daniel M. Witte, 18957-49

TRAVELERS STAFF COUNSEL INDIANA
280 East 96th Street, Suite 325, Indianapolis, IN 46240
**_Mailing Address:_**  P. O. Box 64093, St. Paul, MN 55164-0093
PH (317) 818-5121
FX (317) 818-5124
dwitte@travelers.com

DMW:gb